**SOMERS & SOMERS, LLP**
4640 ADMIRALTY WAY, SUITE 417
MARINA DEL REY, CALIFORNIA 90292
TELEPHONE (310) 306-4000
FACSIMILE (310) 306-4300
Robert H. Somers, Bar No. 38256
Richard B. Somers, Bar No. 38255
Email: rhsomers@somerslegal.com

Attorneys for Defendant,
SHALANATI, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORTHEY WHITE,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MEXICOCINA RESTAURANT &<br>TEQUILERIA, INC. dba<br>MEXICOCINA; SHALANATI, LLC,<br><br>                    Defendants. | Case No.  16CV2550-JLS-MDD<br><br>**ANSWER OF DEFENDANT<br>SHALANATI, LLC TO PLAINTIFF'S<br>COMPLAINT**<br><br>Complaint Filed:  October 13, 2016<br><br>**REQUEST FOR JURY TRIAL** |

Comes now Defendant, SHALANATI, LLC ("this answering Defendant"), and hereby responds to the Complaint of DORTHEY WHITE ("Plaintiff"), for itself and no other defendant, as follows:

## I. SUMMARY

1.     No response is required to Paragraph 1.

2.     No response is required to Paragraph 2.

## II. JURISDICTION

3.     No response is required to Paragraph 3.

1

4.     No response is required to Paragraph 4.

5.     No response is required to Paragraph 5.

### III. VENUE

6.     This answering Defendant does not respond to the allegation that all actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, as it is without sufficient knowledge or information to form a belief as to the truth of that allegation. No response is required as to the remaining allegations contained in Paragraph 6.

### IV. PARTIES

7.     This Answering Defendant does not respond to the allegations in Paragraph 7 as it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, due in part to the ambiguity of the term "the Restaurant" as used in Paragraph 7.

8.     This Answering Defendant does not respond to the allegations in Paragraph 8 as it is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein.

### V. FACTS

9.     This Answering Defendant admits that the restaurant located at 12213 Poway Road, Poway, CA 92064 is an establishment serving food and drink, open to the public. This Answering Defendant does not respond to the remaining allegations contained in Paragraph 9 as it is without sufficient knowledge or information to form a belief as to the truth of those remaining allegations.

10.    This Answering Defendant does not respond to the allegations contained in Paragraph 10 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

11.    This Answering Defendant does not respond to the allegations contained in Paragraph 11 (including the bullet points or subparagraphs contained therein) as it

1  is without sufficient knowledge or information to form a belief as to the truth of
2  those allegations.

3      12.   This Answering Defendant does not respond to the allegations contained
4  in Paragraph 12 as it is without sufficient knowledge or information to form a belief
5  as to the truth of those allegations.

6      13.   This Answering Defendant does not respond to the allegations contained
7  in Paragraph 13 as it is without sufficient knowledge or information to form a belief
8  as to the truth of those allegations.

9      14.   This Answering Defendant does not respond to the allegations contained
10  in Paragraph 14 as it is without sufficient knowledge or information to form a belief
11  as to the truth of those allegations, in part because Plaintiff's definition of the term
12  "Mexicocina" includes both named defendants without distinguishing between them,
13  so this Answering Defendant cannot determine which allegations are directed
14  against which defendant(s).

15      15.   This Answering Defendant does not respond to the allegations contained
16  in Paragraph 15 as it is without sufficient knowledge or information to form a belief
17  as to the truth of those allegations, in part because Plaintiff's definition of the term
18  "Mexicocina" includes both named defendants without distinguishing between them,
19  so this Answering Defendant cannot determine which allegations are directed
20  against which defendant(s).

## VI. FIRST CLAIM

### American With Disabilities Act of 1990

#### Denial of "Full and Equal" Enjoyment and Use

24      16.   This answering Defendant repleads and incorporates by reference the
25  Answers contained in Paragraphs 1 through 15, above, and incorporates them herein
26  by reference as if separately repled.

27      17.   No response is required to Paragraph 17.

ANSWER OF DEFENDANT SHALANATI, LLC TO COMPLAINT

18.    This Answering Defendant does not respond to the allegations contained in Paragraph 18 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

### Failure to Remove Architectural Barriers in an Existing Facility

19.    No response is required to Paragraph 19.

20.    No response is required to Paragraph 20.

21.    This Answering Defendant does not respond to the allegations contained in Paragraph 21 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

22.    This Answering Defendant does not respond to the allegations contained in Paragraph 22 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

### Failure to Design and Construct an Accessible Facility

23.    This Answering Defendant does not respond to the allegations contained in Paragraph 23 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

24.    No response is required to Paragraph 24.

25.    This Answering Defendant denies the allegations in Paragraph 25.

### Failure to Make an Altered Facility Accessible

26.    This Answering Defendant does not respond to the allegations contained in Paragraph 26 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

27.    No response is required to Paragraph 27.

28.    This Answering Defendant does not respond to the allegations contained in Paragraph 28 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

### Failure to Modify Existing Policies and Procedures

29.    No response is required to Paragraph 29.

4

30.     This Answering Defendant denies the allegations in Paragraph 30.

31.     No response is required to Paragraph 31.

32.     No response is required to Paragraph 32.

## VII. SECOND CLAIM

### Disabled Persons Act

33.     This answering Defendant repleads and incorporates by reference the Answers contained in Paragraphs 1 through 30, above, and incorporates them herein by reference as if separately repled.

34.     No response is required to Paragraph 34.

35.     No response is required to Paragraph 35.

36.     No response is required to Paragraph 36.

37.     This Answering Defendant does not respond to the allegations contained in Paragraph 37 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

38.     No response is required to Paragraph 38.

39.     This Answering Defendant denies the allegations in Paragraph 39.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.     This answering Defendant repleads and incorporates by reference the Answers contained in paragraphs 1 through 30, above, and incorporates them herein by reference as if separately repled.

41.     No response is required to Paragraph 41.

42.     No response is required to Paragraph 42.

43.     No response is required to Paragraph 43.

44.     This Answering Defendant denies the allegations in Paragraph 44.

45.     This Answering Defendant denies the allegations in Paragraph 45.

46.     This Answering Defendant denies the allegations in Paragraph 46.

47.     No response is required to Paragraph 47.

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.     This answering Defendant repleads and incorporates by reference the Answers contained in paragraphs 1 through 13, above, and incorporates them herein by reference as if separately repled.

49.     No response is required to Paragraph 49.

50.     No response is required to Paragraph 50.

51.     This Answering Defendant does not respond to the allegations contained in Paragraph 51 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

52.     This Answering Defendant does not respond to the allegations contained in Paragraph 52 as it is without sufficient knowledge or information to form a belief as to the truth of those allegations.

### AFFIRMATIVE DEFENSES

This answering Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein, fails to set forth facts sufficient to constitute a claim for relief against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's conduct contributed to the alleged damages and Plaintiff's amount of recovery, if any, shall be reduced on the basis of her own comparative negligence, and/or the negligence of her agents or employees, which contributed to the alleged damages upon which Plaintiff is seeking recovery against this answering Defendant.

### THIRD AFFIRMATIVE DEFENSE

The injuries and damages alleged in the Complaint were proximately caused or contributed to by the negligence or other acts or omissions of other defendants, persons or entities, and said negligence or other acts or omissions were an intervening and superseding cause of damages, if any, of which the Plaintiff complains.

**ANSWER OF DEFENDANT SHALANATI, LLC TO COMPLAINT**

## FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, this answering Defendant alleges that Plaintiff could have, by the exercise of reasonable diligence, limited or prevented Plaintiff's damages, if any, as a result of the events alleged in the Complaint, and each and every claim for relief contained therein, and that Plaintiff has failed or refused to do so. Such failure or refusal on the part of Plaintiff constitutes a failure to mitigate Plaintiff's damages.

## FIFTH AFFIRMATIVE DEFENSE

At all times herein relevant, Plaintiff has exhibited unclean hands, and, as a result, should be precluded from enforcing any legal or equitable remedy as alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

This answering Defendant is informed and believes and based upon such information and belief alleges that Plaintiff has waived her right to seek relief herein due to Plaintiff's own acts and/or omissions with reference to the subject matter of the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

At all times herein relevant, Plaintiff's conduct was such as to render said Plaintiff guilty of laches such that this answering Defendant reasonably relied upon Plaintiff's conduct to its detriment. Plaintiff is precluded from maintaining this action by reason of the unreasonable and long delay in commencing this action which delay materially prejudiced the opposition of this answering Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

At all times herein relevant, this answering Defendant alleges that Plaintiff is estopped from recovering the relief sought within Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against this answering Defendant are barred by the statutes of limitation set forth in California Code of Civil Procedure §§335.l, 337(1) and (3), 338(d), 339(1) and (3), 340 (3) and (5).

7

### TENTH AFFIRMATIVE DEFENSE

This answering Defendant has no independent knowledge, as of the filing of this answer, of the facts allegedly constituting the claims for relief in Plaintiff's complaint, and based thereon, hereby respectfully requests leave of the Court to amend this answer to include those affirmative defenses that are revealed during the course of this answering Defendant's discovery.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish intentional and arbitrary discrimination as against this answering Defendant and therefore fails to state a cause of action for violation of the Americans with Disabilities Act or the Unruh Act.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she was denied access on any particular occasion.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish that she suffered any actual damage as a result of this answering Defendant's actions or omissions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's complaint, and each claim for relief therein, fails to state facts sufficient to permit the award of attorneys' fees or costs.

### FIFTEENTH AFFIRMATIVE DEFENSE

The modifications and relief sought by Plaintiff would place an undue burden upon this answering Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

The barrier removal demanded by Plaintiff was and is not readily achievable within the meaning of the Americans with Disabilities Act and pertinent regulations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The injunctive relief sought by Plaintiff is structurally impracticable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The cost of barrier removal demanded by Plaintiff is disproportionate to the cost of alteration of the property, if any, during the relevant time periods.

## NINETEENTH AFFIRMATIVE DEFENSE

The goods, services, facilities, privileges, advantages, and/or accommodations provided at Defendants' facility are available at accessible locations in the facility and/or through alternative means.

## TWENTIETH AFFIRMATIVE DEFENSE

On information and belief, the premises mentioned in the Complaint were designed and constructed for first occupancy prior to January 26, 1992.  34 Code Fed. Regs. §§36.401(a)(2) and 36.152.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Based on information and belief, this answering Defendant alleges that there has been no violation of the Unruh Civil Rights Act because there is no law requiring construction, alteration, repair, or modification by another provision of law.  Cal. Civ. Code §51(d).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to mitigate any damages She has alleged in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This answering Defendant's activities with respect to Plaintiff, if any, were privileged or otherwise justified, as such activities were proper, fair and legitimate business activities and/or business related reasons and were neither arbitrary, capricious, nor unlawful, but were undertaken to protect Defendant's economic interests and/or relations.

ANSWER OF DEFENDANT SHALANATI, LLC TO COMPLAINT

**TWENTY–FOURTH AFFIRMATIVE DEFENSE**

The modifications demanded by Plaintiff would fundamentally alter the nature of goods, services, facilities, privileges, advantages, or accommodations provided by Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff cannot recover daily damages for the claims asserted in the Complaint. *Doran* v. *Embassy Suites Hotel,* 2002 U.S. Dist. LEXIS 16116 (N.D. Cal 2002).

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing as to the claims asserted in the Complaint.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

This Answering Defendant is informed and believes, and thereupon alleges, that Plaintiff has failed to comply with the procedural requirements of SB1186 (B&P Code § 6106.2, CC §§ 55.3, 55.31, 55.32, 55.52, 55.53, 55.54, 55.56 and CCP § 425.50), including but not limited to Plaintiff's failure to send a copy of the complaint to the California Commission on Disability Access and the California State Bar within five days of serving the Complaint on Defendant, and failure to notify Defendant of its right to file an Application for Stay and Early Evaluation Conference Pursuant to Civil Code § 55.54. By Plaintiff's failure to comply with the relevant code sections above, Plaintiff is estopped from obtaining relief sought from this Answering Defendant.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

That as to any claim of emotional distress damages and any other damages, Plaintiff is a professional disabled access litigation plaintiff who appears to make her living by suing public accommodation defendants. A review of the case docket of the Central District of California reveals that from October 13, 2016 through November 4, 2016, Plaintiff, Dorthey White, has filed at least 8 civil rights cases just in the Southern District of California of the United States District Court based on claimed violation of disabled access rights. (A true and correct copy of the listing of the Southern District of California filings is attached hereto as Exhibit "A.")

**ANSWER OF DEFENDANT SHALANATI, LLC TO COMPLAINT**

1

## **TWENTY-NINTH AFFIRMATIVE DEFENSE**

2 This answering Defendant alleges it may have other separate and/or additional

3 defenses of which it is not aware and hereby reserves its right to assert them by

4 amendment to this Answer as discovery continues.

5

## **PRAYER**

6 Wherefore, this answering Defendant prays for judgment as follows:

7 1. That Plaintiff take nothing by reason of the Complaint on file herein;

8 2. For attorneys' fees and costs of suit incurred herein; and

9 3. For such other and further relief as the Court deems just and proper.

10 DATED: November 16, 2016 SOMERS & SOMERS, LLP

11

12 By: _____

  Robert H. Somers

13 Attorneys for Defendant
  Shalanati, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT SHALANATI, LLC TO COMPLAINT

# Exhibit A





**Civil Party Search**
Tue Nov 15 19:55:31 2016
8 records found

User:  SS3528
Client:  1668-002
Search:  Civil Party Search Name White, Dorthey California Page: 1

| Party Name ▼ | Court | Case | NOS | Date Filed | Date Closed |
|---|---|---|---|---|---|
| 1 White, Dorthey (pla) | casdce | 3:2016-cv-02696 | 446 | 10/31/2016 | |
| 2 White, Dorthey (pla) | casdce | 3:2016-cv-02551 | 446 | 10/13/2016 | |
| 3 White, Dorthey (pla) | casdce | 3:2016-cv-02637 | 446 | 10/24/2016 | |
| 4 White, Dorthey (pla) | casdce | 3:2016-cv-02695 | 446 | 10/31/2016 | |
| 5 White, Dorthey (pla) | casdce | 3:2016-cv-02694 | 446 | 10/31/2016 | |
| 6 White, Dorthey (pla) | casdce | 3:2016-cv-02550 | 446 | 10/13/2016 | |
| 7 White, Dorthey (pla) | casdce | 3:2016-cv-02735 | 446 | 11/04/2016 | |
| 8 White, Dorthey (pla) | casdce | 3:2016-cv-02636 | 446 | 10/24/2016 | |

Receipt 11/15/2016 19:55:31 93511398

User SS3528
Client 1668-002
Description Civil Party Search
Name White, Dorthey California Page: 1
Pages 1 ($0.10)

1

## DEMAND FOR JURY TRIAL

2        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant

3    Shalanati, LLC hereby demands a jury trial for this action.

4    DATED:  November 16, 2016          SOMERS & SOMERS, LLP

5

6                                      By: _____

7                                           Robert H. Somers
                                           Attorneys for Defendant
                                           Shalanati, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
*Dorthey White vs. Mexicocina Restaurant, etc., et al.*
U.S. District Court, Southern District of California
Case No. 16CV2550-JLS-MDD

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am a resident and employed in the State of California, County of Los Angeles. I am over the age of eighteen years, and not a party to the within action. My business address is Somers & Somers, LLP, 4640 Admiralty Way, Suite 417, Marina del Rey, California 90292.

On November 16, 2016, I served the foregoing document described as **ANSWER OF DEFENDANT SHALANATI, LLC TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by enclosing the document in sealed envelopes addressed as stated below:

Scottlynn J. Hubbard IV, Esq.
Khushpreet R. Mehton, Esq.
Disabled Advocacy Group, APLC
12 Williamsburg Lane
Chico, California 95926
Tel: (530) 895-3252
Fax: (530 894-8244
Email: USDCso@HubsLaw.com

David Horwitz, Esq.
Attorney at Law
655 West Broadway, Suite 900
San Diego, Ca 92101
Tel: (619) 696-6555
Email: david@davidhorwitz.net

**Courtesy Copy (anticipated counsel for defendant Mexicocina)**

**Counsel for Plaintiff, Dorthey White**

☒   BY MAIL: I placed the document listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at Marina del Rey, California, addressed as set forth on the attached Service List. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 16, 2016, at Marina del Rey, California.

Kundry Cole